IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY CRAMER, | : | |
| | : | |
| Plaintiff | : | Civil No. 4: 05-CV-0706 |
| | : | |
| v. | : | |
| | : | Judge McClure |
| SNOW SHOE TOWNSHIP, | : | |
| | : | |
| Defendant | : | |

**O R D E R**

August 16, 2005

**BACKGROUND:**

On April 7, 2005, plaintiff Roy Cramer, initiated this civil action by filing a two-count complaint against defendant Snow Shoe Township ("Township"). The complaint alleges that defendant violated his First Amendment freedom of speech and committed a breach of contract when the Township terminated plaintiff's employment. Plaintiff asserts that his termination was in retaliation for his acquisition of an attorney and his counter-proposal to obtain retroactive participation in the municipality's pension plan.

On June 6, 2005, defendant filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter is now fully ripe

for our review.  For the following reasons we will dismiss plaintiff's First Amendment/Retaliation claim (Count I), and dismiss the remaining contract claim (Count II) for lack of subject matter jurisdiction.

**DISCUSSION:**

### I.  Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In ruling on a motion to dismiss the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## II.  Statement of Relevant Facts

In 1998 plaintiff was hired as a laborer/operator for Snow Shoe Township. He worked as a full-time employee until his employment was terminated in September of 2003. In the summer of 2003 the Township realized that it had failed to notify plaintiff of his right to participate in the municipality's pension plan. The Township had failed to make payments into a pension for Cramer. According to the complaint, these payments were due beginning in 1999. By letter dated July 30, 2003, the Township wrote Cramer providing three options to address its failure. (Compl., Rec. Doc. No. 1, Ex. A.)

On August 20, 2003, plaintiff, through an attorney, advanced a counter-proposal for his retroactive participation in the pension plan. That counter proposal read as follows:

> Please be advised that the undersigned represents Ray Cramer, a Snow Shoe Township employee. Mr. Cramer has informed me that he reached full-time status with Snow Shoe Township on January 1, 2000 and became eligible to participate in the Township's Pension Plan at that time. The Township never informed him of his eligibility at that time and therefore never made the appropriate deductions from his paycheck for pension contributions.
>
> Mr. Cramer recently forwarded me a letter from you to him dated July 20, 2003 giving him three options with respect to his pension. Option 3 would permit him to participate in the pension plan effective January 1, 2000, but would require him to make a one-time payment in the amount of $2,714.68 to the Trustees Insurance Fund no later than September 3, 2003.
>
> I have discussed this matter with Mr. Cramer. He believes that since it was the Township's fault that he did not participate in the Township Pension Plan at his initial eligibility date, and since he is not a wealthy man, then the Township should make the upfront contribution to the Plan. He is willing to pay back to Snow Shoe Township the amount due in 26 monthly payments of $100.00 and then a final payment representing the balance.
>
> Please let me know if this proposal is acceptable to the Township.

(Rec. Doc. No. 1, Ex. B.)

Township officials never responded to the counter-proposal and the Township continues to refuse to pay Cramer retirement benefits. On September 3, 2003, assuming plaintiff's allegations are true, as we must at this stage of the litigation, Township officials retaliated against Cramer for making a counter-

proposal by terminating his full-time employment with the Township. Cramer was then downgraded to part-time employment status with an average of 14 hours of work per week. In December 2003 the Township ceased giving plaintiff hours. On January 20, 2004, plaintiff's employment was officially terminated for an alleged rule violation. Prior to this and throughout the course of plaintiff's employment, the Township had never written up the plaintiff for any type of misconduct or even issued a warning to him.

Plaintiff attempted to dispute the rule violation and alleged that it was a pretext to fire him. On February 12, 2004, plaintiff wrote a letter to the Snow Shoe Township Supervisors inquiring about the rule he violated and the infractions that he allegedly committed. The Township never responded.

### III. Section 1983 Claim Alleging Termination of a Public Employee in Retaliation for Speaking Out Against Employer or Employer Policy as Violation of the First Amendment Right to Free Speech

Plaintiff asserts that the defendant municipality, while acting under color of state law, violated his constitutional right to free speech by wrongfully terminating his employment with defendant as a form of retaliation for his written proposal to resolve a dispute over his proposed retroactive participation in his pension plan. Plaintiff's complaint attempts to assert a claim under 42 U.S.C. § 1983 against his public employer.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

In order for a plaintiff to prevail under 42 U.S.C. § 1983 he must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (citing Parratt v. Taylor, 451 U.S. 527, 534 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)).

"Public employees have a First Amendment right to speak freely on matters of public concern." Curinga v. City of Clairton, 357 F.3d 305, 309 (3d Cir. 2004). A public employee, like plaintiff, who asserts a retaliation claim for engaging in his constitutionally protected First Amendment right to free speech must address three factors. Baldassare v. New Jersey, 250 F.3d 188, 194 (3d Cir. 2001). First, a

plaintiff must show that his conduct was constitutionally protected and involved a matter of public concern. Id. at 195. Second, the plaintiff must show that this protected activity was a substantial or motivating factor in the alleged retaliatory action. Id. Third, the defendant can refute the plaintiff's claims by demonstrating that it would have taken the same action even in the absence of the protected conduct. Id. The first factor is a question of law, while the other two factors are questions of fact. Curinga, 357 F.3d at 310.

Defendant asserts that as to count one of the complaint plaintiff has failed to allege facts that could demonstrate that plaintiff's speech involved a matter of public concern. As the first factor in a First Amendment retaliation claim is a question of law, it is our duty at this stage to determine whether defendant is correct. Sunkett v. Misci, 183 F. Supp. 2d 691, 708 (D.N.J. 2002). For the following reasons we find that plaintiff's allegation that defendant violated the First Amendment (Count I) fails as a matter of law.

"A public employee's speech involves a matter of public concern if it can be fairly considered as relating to any matter of political, social or other concern to the community." Brennan v. Norton, 350 F.3d 399, 412 (3d Cir. 2004) (citation and internal quotation omitted). "Speech may involve a matter of public concern if it attempts to bring to light actual or potential wrongdoing or breach of public trust

on the part of government officials." Id. (internal quotation omitted). Speech that addresses a private matter may still be considered to involve a public concern, so long as the matter of the speech addresses a matter that concerns the public as well as the speaker. Id.

The Third Circuit has held that "speech disclosing public officials' misfeasance is protected while speech intended to air personal grievances is not." Swineford v. Snyder County, 15 F.3d 158, 1271 (3d Cir. 1994). The court of appeals then noted that "the First Amendment does not convert private grievances into constitutional cases." Id. at 1274; see also Connick v. Myers, 461 U.S. 138, 143, 147 (1983).

The speech in the instant action addresses only a private grievance, i.e., Cramer's participation in the pension plan. We agree with the defendant that Cramer was motivated only by his own financial interest related to his participation in the employer's pension plan. "If the speech in question is purely personal, it does not fall under the protective umbrella of the First Amendment and public employers are therefore not limited by that guarantee in responding to disruption caused by the expression." Brennan, 350 F.3d at 412 (citing Connick, 461 U.S. 138).

Plaintiff has asserted that "plaintiff's speech was protected because it directly targeted the Township's failure to appropriately administer a statutorily-defined municipal pension plan for the benefit of its employees." (Pl. Br. Opp'n, Rec. Doc. No. 17, at 8-9.) Plaintiff has also suggested that there was a "systematic governmental failure" in the administration of the plan, but he has not alleged that any other employee was impacted by the Township's failure to notify Cramer of his opportunity to participate in the pension plan. We find that the August 20, 2003 letter from Cramer's counsel addresses a purely personal grievance and is not protected by the First Amendment. Therefore, his First Amendment retaliation claim (Count One) must fail as a matter of law.

Furthermore, plaintiff cannot recover punitive damages. See City of Newport News v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (punitive damages not available against a municipality under § 1983); Barnes v. Gorman, 536 U.S. 181, 187 (2002) (punitive damages generally not available for breach of contract).

The remaining count of the complaint asserts a nebulous breach of contract claim. Consequently, we will decline to exercise jurisdiction over the remaining claim pursuant to 28 U.S.C. § 1367(c)(3) and dismiss plaintiff's complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.	Defendant's motion to dismiss is granted, to the extent of the relief provided in this order. (Rec. Doc. No. 8.)

2.	Plaintiff's claim that defendant's termination of his employment violated his First Amendment right to freedom of speech is dismissed for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

3.	As the court has dismissed the only claim over which it has original jurisdiction, the court declines to exercise supplemental jurisdiction over the breach of contract claim, pursuant to 28 U.S.C. § 1367(c)(3).

4.	The clerk is directed to close the case file.

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge